### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DONALD R. ADKINS,**

       **Petitioner,**

      **v.**                              **Case No. 2:04-cv-1094**
                                               **JUDGE MARBLEY**
**ROBERT JEFFREYS,**                  **Magistrate Judge KEMP**

       **Respondent.**

### OPINION AND ORDER

On July 8, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed due to petitioner's failure to establish cause and prejudice for the procedural default of all of his claims. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner's requests to provide supplemental documentation (Doc. Nos. 30, 32, 36) are **GRANTED**. Additionally, for the reasons that follow, petitioner's motion for discovery and production of documents and his request for the appointment of counsel (Doc. Nos. 33, 37) are **DENIED**.

### A.  DISCOVERY REQUEST

Petitioner has filed a request for discovery including but not limited to trial court transcripts, grand jury minutes, documents of trial counsel, photographs, records, statements of the alleged victim and any other evidence in possession of the state, transcripts or recordings of two phone conversations of the alleged victim to petitioner while incarcerated, medical reports, banking, tax, and computer records of the alleged victim, prison phone records, and DNA testing of unidentified objects. Petitioner also requests to conduct depositions and interrogatories of unidentified persons.

*See* Doc. No. 33.  Petitioner argues that the foregoing documents will establish that the victim lied,

that petitioner was denied the effective assistance of counsel, that trial counsel coerced petitioner's

guilty plea, and that the prison denied petitioner access to the courts. *See id.*

The discovery processes contained in the Federal Rules of Civil Procedure do not apply

across the board in habeas corpus actions.  "A habeas petitioner, unlike the usual civil litigant in

federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520

U.S. 899, 904 (1997).  In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme

Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not

apply in habeas corpus proceedings.  As a result of the holding in *Harris*, the Rules Governing

Section § 2254 Cases In United States District Courts were promulgated in 1976.  Specifically, Rule

6(a) provides:

> A party shall be entitled to invoke the processes of discovery
> available under the Federal Rules of Civil Procedure if, and to the
> extent that, the judge in the exercise of his discretion and for good
> cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas

corpus proceedings only "[w]here specific allegations before the court show reason to believe that

the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to

relief."  *Bracy*, 520 U.S at 904 (quoting *Harris,* 394 U.S. at 299); *see also Lynott v. Story*, 929 F.2d

228, 232 (6th Cir. 1991).

Petitioner has failed to meet this standard here.  For the reasons discussed in the Magistrate

Judge's *Report and Recommendation*, this Court likewise concludes that all of petitioner's claims

are procedurally defaulted due to his failure to present such claims properly in post conviction, or

on appeal to the Ohio Supreme Court.  None of the foregoing discovery requests would assist the

Court in determining whether petitioner may establish cause or prejudice for the procedural default of his claims.  Further, the Court is not persuaded that petitioner's unsupported allegation that the alleged victim recanted in a phone conversation to him after his guilty plea constitutes specific evidence of petitioner's actual innocence such as to warrant discovery on this issue here.  *See Bracy, supra*.

> Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir.1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir.1994).

*Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004); *see also Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  In view of the foregoing, petitioner's request for discovery is **DENIED**.

Petitioner's request for the appointment of counsel likewise is **DENIED**.  There is no right to counsel in habeas corpus cases.  *Ritchie v. Eberhart*, 11 F.3d 587 (6th Cir. 1993), citing *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1998); *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996).  "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  Such are not the circumstances here.

## B.  OBJECTIONS

In his objections, petitioner raises all of the same arguments that were previously presented.  Petitioner again argues at length that he was denied the effective assistance of counsel; however, petitioner's claims are procedurally defaulted due to his failure properly to pursue post conviction proceedings, and due to his failure to file a timely appeal to the Ohio Supreme Court.  *See Report*

*and Recommendation*, at 6-9.  As noted by the Magistrate Judge, the ineffective assistance of counsel cannot constitute cause for petitioner's procedural defaults, since he was not entitled to counsel in such proceedings.  *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Petitioner also again asserts that he is actually innocent of the charges against him, and argues that the Court therefore should consider the merits of his procedurally defaulted claims.

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005).  Petitioner cannot meet this standard here.[1]

---

[1] As previously noted, petitioner asserts that recorded telephone conversations made from the jail by him approximately six months after the time of his guilty plea to sexual battery and felonious assault will establish that the victim, his girlfriend or ex-girlfriend, lied.  *See Petition*.

Additionally, petitioner again asserts that his failure to file a timely appeal in the state courts was due to a lack of funds, or was the fault of the prison.  However, this Court has reviewed the entire record, including petitioner's supplemental documentation, and nothing therein supports petitioner's allegation that he was without sufficient funds for the time period at issue to file his appeal with the Ohio Supreme Court in a timely manner.  *See* Exhibit S to Return of Writ.  Additionally, and contrary to petitioner's allegations, the record fails to support his claim that he has been denied access to the courts. Petitioner complains that the state courts failed to apply the mailbox rule of *Houston v. Lack,* 487 U.S. 266, 270 (1988), to his untimely filings.  In *Houston v. Lack, supra*, 487 U.S. at 270, the United States Supreme Court held that, under federal law, a *pro se* prisoner's notice of appeal is deemed filed on the day it is delivered to  prison authorities for mailing; however, *Houston v. Lack's* mailbox rule  is not applicable under Ohio law.  *State ex rel.Tyler v. Alexander*, 52 Ohio St.3d 84 (1990).  Finally, petitioner argues that the Magistrate Judge failed to consider all of his claims.  Again, however, the record fails to support this allegation.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner.  For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**   This case is hereby **DISMISSED**.

Petitioner's requests for discovery and for the appointment of counsel (Doc. Nos. 25, 33, 37) are **DENIED**.

The Clerk is **DIRECTED** to enter final judgment dismissing this action.

**IT IS SO ORDERED.**

5

s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge